SEPTEMBER 3, 1947

**No. 51891.**—SUIT 4565.—*Perry Ryer & Co.* v. *United States.*——C. D. 1028 reversed May 20, 1947. C. A. D. 367.

BEFORE THE FIRST DIVISION, SEPTEMBER 10, 1947

**No. 51892.**—Eurasia Import Co., Inc. *v.* United States, petitions 6570–R, etc. (New York).

OLIVER, Presiding Judge: These petitions are for remission of additional duties assessed under the provisions of section 489, Tariff Act of 1930, by reason of undervaluation on entry of certain merchandise, viz, corduroys and velveteens, imported from Japan and entered at the port of New York.

It appears that in 1939 and 1940 the petitioning company herein made more than 100 entries covering this type of merchandise and that numerous conferences were held between representatives of the company and the examiner with respect to value. The importer disagreed with the value found by the examiner and made up several test cases which were decided in the Government's favor. On review, the single judge was reversed and a decision in favor of the importer was rendered. Subsequently, on appeal by the Government, our appellate court sustained the values found by the reviewing division as base values but remanded the case to the division to consider the questions of the dutiability of commission and control fees.

Thereafter, a compromise was effected by adding the commission and control fees. When these two items were added, the values of the merchandise, while considerably less than the appraised values, were slightly higher than the entered values and resulted in the imposition of the additional duties which occasioned the filing of this petition.

Ruben Goldberg, secretary of the importing company, testified that representatives of the company had many conferences with the examiner before entry concerning the value of the merchandise; that they cooperated fully with the customs officials in establishing a value and that there was no intent at any time to deceive the appraiser or to defraud the customs or the Government of the United States of any moneys due (R. 5).

Counsel for the Government offered no testimony and expressed agreement with the facts as set forth by petitioner's counsel and the testimony of the witness for the petitioner. It was further adduced at the hearing that the former examiner who passed upon the instant merchandise and the customs agent who had conducted investigations in the foreign market reported that in their opinion there was no attempt to conceal or misrepresent the facts of the case.

From the record it is apparent that entry of the merchandise at less than the final appraised value was without any intent to defraud the revenue of the United States, conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted.